REID, Judge.
The defendant Louis Welch, d/b/a Louis Welch Company, has filed a motion to dismiss the appeal of plaintiff-appellant Sun-master Products Company from an order of the 19th Judicial District Court overruling plaintiff’s motion for summary judgment. In overruling the motion for summary judgment the Trial Judge found: “there are a number of material facts at issue in this suit.” Plaintiff contends the Judge has no discretion and it was mandatory upon him to render a judgment in favor of applicant for summary judgment “if * * * there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.” The motion for summary judgment is provided under Articles 966 and 968 by the LSA-Code of Civil Procedure. Article 966 LSA-C.C.P. reads:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
Article 968 provides for effect of judgment on pleadings and summary judgment in the following words:
“Judgments on the pleadings, and summary judgments, are final judgments and shall be rendered and signed in the same manner and with the same effect as if a trial had been had upon evidence regularly adduced. If the judgment does not grant mover all of the relief prayed for, jurisdiction shall be retained in order to adjudicate on mover’s right to the relief not granted on motion.
“An appeal does not lie from the court’s refusal to render any judgment on the pleading or summary judgment.”
*98 Counsel for plaintiff-appellant contends the last sentence in Article 968: “An appeal does not lie from the court’s refusal to render any judgment on the pleadings or summary judgment” was inserted into the new Code of Civil Procedure for some unknown reason and without any basis therefor. He also contends this provision cannot be found in the Articles of the Code of Civil Procedure dealing with appeals, Articles 2081 through 2167 and that its insertion interpreted literally clashes with other pertinent provisions of this same Code.
We fail to see where there is any infraction between these Articles. Motions for summary judgment are admittedly a new provision in our law and we cannot avoid the clear intent of the Concluding paragraph of Article 968 that no appeal will lie when the judge refuses to grant a summary judgment.
This is an interlocutory decree and does not pass on the main issues of the case. These can only be determined after a trial on the merits. We have the Judge’s statement there are several material issues of fact in this case which should be resolved and they will have to be resolved by trial on the merits. We cannot see any merit in the plaintiff’s contention it is mandatory on the Judge to render a judgment in favor of the applicant. Article 966 provides if all the pleadings, depositions, and admissions on file together with the affidavits, if any, show there is no genuine issue as to material fact then mover is entitled to judgment as a matter of law.
The Trial Judge held there were several issues of material fact involved and under these circumstances we concur in the Judge’s refusal to grant a summary judgment.
For these reasons it is ordered the appeal herein be dismissed and set aside at appellant’s costs.
Appeal dismissed.